FILED

2008 Oct-16  PM 12:31
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **TANGELA A. RUSSELL,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CV 08-J-625-NE |
| ] | |
| **MICHAEL J. ASTRUE,** ] | |
| **Commissioner of the Social** ] | |
| **Security Administration**, ] | |
| ] | |
| Defendant. | |

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties.  The court has jurisdiction pursuant to 42 U.S.C. § 405.  The plaintiff is seeking reversal and remand of the final decision of the Commissioner.   All administrative remedies have been exhausted.

The plaintiff filed an application for Supplemental Security Income,[1] alleging an inability to work due to high blood pressure, diabetes, asthma, and swelling in her legs and arms (R. 77).  Medical records further document a thyroid nodule, gastroesophageal reflux, morbid obesity, shortness of breath, obstructive sleep apnea, and hypertension (R. 223, 250, 333, 363). The current application was denied initially (R. 31-35) and again by an Administrative Law Judge on May 17, 2007 (R. 18-30).  The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review on February 8, 2008 (R. 4-6).

---

[1]Because the plaintiff amended her alleged onset date to September 26, 2005, the court considers only the plaintiff's current application for Supplemental Security Income, as her date last insured for Disability Insurance Benefits was June 30, 2004, which is prior to the alleged onset date.  *See e.g.*, R. 59.

At the time of the hearing, the plaintiff was 27 years old and a high school graduate, although there are references to the plaintiff completing all of her schooling in special education (R. 82, 478).  The plaintiff testified at the hearing that she had not worked since 2000 and she stopped working for reasons unrelated to her medical problems[2] (R. 491).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied.  *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The medical evidence before the court reveals that the plaintiff suffers from the above-listed conditions, but does not meet any Listings.  The plaintiff asserts that the ALJ found that the plaintiff's obesity "could not be so bad" because she has failed to loss weight.  Plaintiff's memorandum, at 7.  Rather, the ALJ noted that the plaintiff's "symptoms may not have been as serious as she has alleged" (R. 26).

The plaintiff cites to SSR 02-01P for the proposition that obesity can increase the severity of coexisting or related impairments.  While true, the plaintiff has not suffered coexisting or related impairments to a degree that meets the very Listings detailed in SSR 02-01P.  In fact, the plaintiff has undergone numerous medical tests, all of which were essentially normal.  Electrocardiograms in January 2004, January 2005 and October 2005 were normal (R. 121, 129, 136).  Chest x-rays in June 2005, January 2006, March 2006, May 2006, July 2006, August 2006, September 2006 and February 2007 were normal (R. 140, 213, 241, 284, 311, 328, 346, 415).  A July 2005 gallbladder study was negative (R.

---

[2]In her disability report, the plaintiff asserted she last worked in May 2003 and stopped working at that time due to swelling in her legs and ankles, her blood pressure, headaches and chest pain (R. 77).  The last year that earnings are shown for the plaintiff is 2003 (R. 54).

139).  A CT in January 2006 found clear lungs no evidence of pulmonary embolism (R. 212, 214).  April 2006 x-rays of the plaintiff's left knee found very minimal degenerative changes (R. 299).  A CT scan of the plaintiff's head in May 2006 was negative (R. 286).  An echocardiogram in August 2006 was essentially normal except for mild pulmonary hypertension (R. 373).  A CT and ultrasound of the plaintiff's abdomen and pelvis in August 2006 was unremarkable (R. 258-260, 348).  An August 2006 physical examination found no edema (R. 371).  A venous Doppler study of the plaintiff's legs in September 2006 was negative (R. 230).  A stress test in September 2006 was normal (R. 368-369).  A February 2007 echocardiography report was essentially negative (R. 357).  A physical exam in March 2007 found no ankle edema, the plaintiff's lungs were clear and a cardiac examination was normal (R. 363).

Thus, medical testing has shown a nodule on the plaintiff's thyroid (R. 228, 328-329), severe sleep apnea (R. 321-325), and moderately severe peptic esophagitis (R. 250).  The medical records further support that the plaintiff suffers from diabetes and hypertension (R. 333).  The ALJ also noted that the plaintiff suffered from the additional severe impairments of morbid obesity, asthma, and borderline intellectual functioning (R. 25).  None of these, alone or in combination, are disabling conditions.

Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence.  Accordingly, the decision of the Commissioner must be affirmed.

Done, this 16th day of  October, 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE